UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| SARAH JANE CLAYBORN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:16-cv-267-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL[1], Acting | ) | **MEMORANDUM OPINION AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

Plaintiff Sarah Jane Clayborn brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will **AFFIRM** the Commissioner's decision, as it is supported by substantial evidence.

**I.**

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.*; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.

In January 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging

2

disability as of March 30, 2010. [TR 141]. Plaintiff's claim was denied initially and on reconsideration. [TR 71,72]. Plaintiff then requested a hearing on the matter. An Administrative Law Judge ("ALJ") conducted a hearing [TR 25-59], but thereafter denied Plaintiff's claim. [TR 12-18]. The Appeals Council declined Plaintiff's request for review [T. 1-3], making the ALJ's November 23, 2015 decision the final agency decision for purposes of judicial review. 20 C.F.R. § 422.210(a). This appeal followed and the case is ripe for review pursuant to 42 U.S.C. § 405(g).

III.

**Facts[2]**

Plaintiff was 21 years old when she allegedly became disabled on March 30, 2010, and 23 years old on March 31, 2012, the date that she was last insured for DIB [TR 138, 141]. Plaintiff has a high school education and past relevant work as a fast food worker, warehouse worker, and fitting room attendant [TR 53-54, 176). Plaintiff initially alleged she was unable to work due to irritable bowel syndrome (IBS) and hearing difficulties [TR 175).

Plaintiff had a history of treatment for "alternating diarrhea and constipation" with "abdominal pain" and "intermittent

---

[2] Plaintiff has restricted her arguments to the issues specifically discussed below. Plaintiff's Brief (Pl.'s Br.) at 13. Therefore, the Court will not provide a recitation of the medical evidence not at issue in the case before the Court and will only discuss the evidence before the ALJ only with respect to those issues specifically argued by Plaintiff.

3

blood in the stool" associated with a "diagnosis of irritable bowel syndrome" [TR 242, 270, 499].

Julie Jackson, M.D., saw Plaintiff in early March 2010, for abdominal pain [TR 270-271]. Plaintiff described the pain as being of gradual onset, constant, aching, diffuse, made worse by food, with nausea at times, and some bleeding in stool. Plaintiff also reported that the pain was worse before and after her menstrual cycle. Dr. Jackson provided a diagnosis of abdominal pain [TR270-271].

Between March 2010 and January 2012, the record reflects that Plaintiff was occasionally seen by medical providers for regular preventative care such as a PAP smear, providing contraceptives, or other conditions unrelated to Plaintiff's argument to the Court [TR 375, 384, 386, 391]. These records established that Plaintiff did not complain of symptoms associated with IBS to medical providers during this period of almost two years duration subsequent to her alleged disability onset date.

In January 2012, Abdulkader Dahhan, M.D., saw Plaintiff at the Harlan-ARH Hospital emergency room [TR 282-283, duplicate 312-313]. Plaintiff reported abdominal pain, loose stools and blood in the bowel movement, with three diarrhea stools daily. Plaintiff reported her symptoms began 2-3 days earlier. She was admitted to Harlan-ARH for evaluation of lower gastrointestinal bleeding. [TR

4

283]. Subsequently, Jameel A. Butt, M.D. [TR 285-286, duplicate 321-322] examined Plaintiff on a consultative basis. Dr. Butt provided an impression of abdominal pain and rectal bleeding [TR 285-286].

In early February 2012, Plaintiff was seen for an initial visit by nurse practitioner Suzanne Saylor at Gastroenterology Associates [TR 356-358]. Plaintiff reported diarrhea beginning at age 11. She reported experiencing diarrhea as 3-8 bowl movements a day, with blood in her stool, and some rectal pain. Plaintiff also reported intermittent generalized abdominal pain. Nurse practitioner Saylor diagnosed Plaintiff with diarrhea, hematachezia, and generalized abdominal pain [TR 356, 358]. However, there were no further reports of increased frequency or urgency beyond that reported by Plaintiff in her first visit to nurse practitioner Saylor in early February 2012. An associated colonoscopy performed in February 2012 showed no evidence of acute ileitis or colitis [TR 352, 361].

Additional exams contained in the record were routinely unremarkable for clinical findings indicative of acute gastrointestinal dysfunction [TR 370-372, 376-378]. Otherwise, Plaintiff has received infrequent conservative treatment for her IBS associated symptoms through prescription of the common

cholesterol lowering drug Cholestyramine, which is also used in controlling diarrhea [TR 222].

**Hearing Testimony**

Plaintiff testified that she was married but had no children [TR 29-30]. She said that she had a driver's license but did not drive regularly [TR 30]. She testified that she had a high school education (Tr. 31). Plaintiff said that she had insurance through her husband's employment [TR 34]. She said that she had not worked in the last five years and had quit working because of her stomach pain and frequent trips to the bathroom [TR 35-36]. Plaintiff testified that she did not receive treatment for her IBS or diarrhea [TR 37]. She then described her past work activity [TR 37-40]. Plaintiff testified that she had not seen a doctor in several years [TR 43). She testified that she could walk completely through a grocery store and could lift ten to 15 pounds [TR 46]. Plaintiff said that she had no difficulty understanding instructions, making decisions, or getting along with people [TR 48]. She said that she is able to cook for herself and her husband, perform her own household chores, assist with he mother's household chores, and engages in hobbies [TR 49]. Plaintiff testified that in a seven-day week, she had two or three "good days" and four or five "bad days" [TR 50].

6

A vocational expert (VE), Julian Nadolsky, testified at the September 10, 2015 hearing [TR 52-57]. After determining Plaintiff's past relevant work, the ALJ asked the VE to assume a hypothetical individual of Plaintiff's age, education and work experience, with limitations the same as those ultimately determined by the ALJ to be those of Plaintiff. The VE testified that such an individual could perform Plaintiff's past relevant work as a fast food worker, warehouse worker, and fitting room attendant [TR 53-54].

### **ALJ's Decision**

After a careful review of the record, the ALJ found that Plaintiff last met the insured status requirements for DIB on March 31, 2012 [TR 14; Finding No. 1]. The ALJ then found that Plaintiff had the severe impairment of IBS [TR 14; Finding No. 3], but that Plaintiff's impairments did not meet or equal the severity of a listed impairment [TR 15; Finding No. 4]. The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light exertion work [TR 15-18; Finding No. 5], and that her complaints of disabling limitations were not entirely credible [TR 16]. Finally, the ALJ found that Plaintiff retained the RFC to perform her past relevant work as a fast food worker, warehouse worker, and fitting room attendant at the light level of exertion

[TR 18; Finding No. 6]. Thus, the ALJ found that Plaintiff was not disabled under the Act [TR 18; Finding No. 7].

**IV.**

Although Plaintiff generally argues that the ALJ's decision was not supported by substantial evidence, she raises only one specific challenge to the ALJ's consideration of her disability claim: she argues that the ALJ did not consider the effects of her subjective complaints in assessing her RFC. Plaintiff's Brief (Pl.'s Br.) at 2, 7-12. The Court will only address this issue. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.").

Plaintiff's initial argument—which purports to challenge the ALJ's treatment of lay testimony and application of the so-called "two- prong test"—are essentially challenges to the ALJ's finding that her statements as to the intensity, persistence, and limiting effects of her symptoms were not supported by the record. Pl.'s Br. at 7-8. The ALJ's analysis of Plaintiff's symptomatic or subjective complaints is entitled to particular deference from this Court. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not,

8

of observing a witness's demeanor while testifying"). In the instant case, the ALJ extensively reviewed Plaintiff's record and justifiably concluded that her RFC finding was supported by the medical record including relevant examination findings, imaging studies, scoping, and lab work; her conservative treatment; as well as Plaintiff's daily activities [TR 18].

A claimant's RFC is assessed by the ALJ between steps three and four and is "the most [a claimant] can still do despite [her] impairments." 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1)&(5). An ALJ is required to "assess a claimant's RFC based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3); SSR 96-5p, 1996 WL 374183, at *2, 4-5 (stating that some issues, such as RFC, are not medical issues regarding the nature and severity of an individual's impairment(s) but instead administrative findings that are dispositive of a case, and thus are reserved to the Commissioner).

In this case, Plaintiff relies on her own subjective reports about her symptoms to establish her alleged disability, which, contrary to Plaintiff's argument, the ALJ reasonably discounted for the reasons noted above. [TR 15-18; Finding No. 5]. Pl.'s Br. at 7-12. Substantial evidence supports the ALJ's finding that the record did not include objective findings that would support Plaintiff's argument that she was subject to disabling symptoms.

Symptoms are subjective complaints about a claimant's condition, and cannot be the basis for a finding of disability. 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").

It is fundamental that an ALJ can base her decision that a claimant's symptoms are not as limiting as she alleges based on inconsistencies between those claims and the rest of the record. *See* 20 C.F.R. § 416.929(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating and nontreating source or other persons about how your symptoms affect you."). Social Security Ruling (SSR) 96-7p[3] explains the significance of inconsistency between a claimant's statements and the rest of the record: "One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." 1996 WL 374186, at *5. Further, a claimant's allegations are less believable if her allegations are not supported by the objective medical evidence or her medical treatment history. *Id.* at 6-8.

---

[3]4SSR 96-7p was recently superseded by SSR 16-3p and took effect on March 28, 2016. 2016 WL 1237954 (Mar. 24, 2016). Because SSR 16-3p was not in effect at the time of the ALJ's decision here, the Court will utilize SSR 96-7p.

In this case, the medical evidence supported the ALJ's conclusion that Plaintiff's allegations regarding the severity of her symptoms were not fully believable, as *inter alia,* Plaintiff's treatment records showed insufficient objective findings to support her claims of disabling pain and other symptoms including symptoms associated with her severe impairment of IBS [TR 16-17; 270-271, 282-283, 352, 356-358, 361, 370-372, 375-378, 384, 386, 391]. *See Curler v. Comm'r of Soc. Sec.*, 561 F.App'x 464, 475 (6th Cir. 2014)(unpublished) (testimony describing pain contrasted starkly with medical evidence showing no significant abnormalities in her cervical spine). Moreover, the Commissioner would point out that the ALJ specifically indicated that her reasonable RFC finding was also supported by the nature and extent of treatment provided as related to Plaintiff's alleged disabling impairments; her inconsistent and unpersuasive description of symptoms and limitations; as well as her significant activities of daily living [TR 15-18; Finding No. 5]. *See* SSR 96-7p, 1996 WL 374186, at *5 (stating an ALJ must evaluate medical and nonmedical information in the record and then draw appropriate inferences and conclusions about the credibility of a claimant's statements); *see also Walters v. Comm'r ofSoc. Sec.*, 127 F.3d at 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."); *Moon v. Sullivan*, 923 F.2d 1175,

1179, 1183 (6th Cir. 1990) (ALJ reasonably relied on reviewing source opinions).

Also misplaced is Plaintiff's argument about the "two-prong test" to evaluate a claimant's assertions of disabling pain. Pl.'s Br. at 7. Although she cites *Felisky v. Bowen*, 35 F.3d 1027(6th Cir. 1994), the so-called "two-prong test" derives from 20 C.F.R. § 404.1529. While the Court in *Felisky* held that it was error to rely on lack of objective evidence alone to discount a claimant's claims about the severity of her pain, 35 F.3d at 1038, that is not what the ALJ did here. Rather, as noted above, the ALJ justifiably found that in addition to the objective medical findings, Plaintiff's course of treatment, inconsistent statements, and her significant activities of daily living, all further supported the ALJ's finding that Plaintiff's symptoms were not as severe as she alleged [TR 15-18; 187, 193, 199, 270-271, 282-283, 352, 356-358, 361, 370-372, 375-378, 384, 386, 391). *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (credibility determinations are particularly within the province of the ALJ and are "to be given great weight.") (*quoting Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F.App'x 637, 649 (6th Cir. 2013) (unpublished) (a reviewing court must "accord an ALJ's credibility determinations great weight and deference, and 'are limited to evaluating whether . . . the ALJ's explanations

for partially discrediting [a claimant's testimony] are reasonable and supported by substantial evidence in the record.'") (*quoting Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Significantly, the ALJ reasonably pointed out that the record illuminated a range of physical and daily activities such as: attending to her own personal care and hygiene; preparing her own meals; shopping in large retail stores; "go[ing] to the movies and local festivals" for entertainment on "good" days; and performing her own household chores, such as washing dishes, vacuuming, and "general cleaning", as well as driving to her mother's residence to visit [TR 187, 193, 199].

Moreover, Plaintiff has not adequately explained how the ALJ violated the "two-prong test," nor has she sufficiently discussed how the factors of 20 C.F.R. 404.1529(c) support her credibility. *See Kennedy*, 87 F. App'x at 466. In any event, *Felisky* does not require the ALJ to expressly apply all of those factors in her decision. *Bowman v. Chater*, No. 96-3990, 1997 WL 764419, at *5 (6th Cir. Nov. 26, 1997) (unpublished). Because the ALJ's analysis of Plaintiff's subjective complaints was supported by substantial evidence, her decision should be affirmed.

As noted above, the ALJ discussed relevant medical evidence, including the findings from Plaintiff's treating or examining medical sources, in reasonably determining that Plaintiff retained

13

the RFC to perform the reduced physical activities associated with light exertion work [TR 17]. *Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We . . . are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.") Therefore, the medical evidence supported the ALJ's reasonable conclusions that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible; and that Plaintiff retained the RFC to perform work activity at the light exertion level, at all times through her date last insured for DIB in the decision now before the Court (Tr. 17).

While Plaintiff may have had limitations that negatively affected her ability to work, the mere existence of impairments such as those alleged by Plaintiff, is insufficient to establish disability under the stringent standards of the Act. Instead, Plaintiff had to show that her impairments caused functional limitations so severe that she was unable to engage in any substantial gainful activity for a continuous period of at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 220 (2002); 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must last 12 months. *Walton*, 535 U.S. at 220.

Contrary to Plaintiff's argument, the ALJ provided a thorough discussion of Plaintiff's alleged impairments and specifically

found that IBS constituted a severe impairment and that Plaintiff's alleged impairments of hearing loss and obesity did not rise to the level of severe impairments [TR 14-18: Finding Nos. 3.5].

The ALJ noted that records reflect a history of treatment for "alternating diarrhea and constipation" with "abdominal pain" and "intermittent blood in the stool" associated with a diagnosis of IBS (Tr. 17). However, of significant importance in the case before the Court, the ALJ reasonably pointed out that there was "no indication of reported frequency or urgency to match allegations made during [Plaintiff's] testimony, which are contradicted by the considerable body of exam findings, testing, and correspondingly conservative treatment." [TR 17; Tr. 270- 271, 282-283, 352, 356-358, 361, 370-372, 375-378, 384, 386, 391].

In sum, the evidence simply does not support Plaintiff's claims of completely disabling limitations from her alleged disability onset date of March 30, 2010, through March 31, 2012, the date she was last insured for DIB [TR 14; Finding No. 1]. See 20 C.F.R. § 404.1529(c)(4) (stating an ALJ must consider inconsistencies in the evidence).

To the extent that Plaintiff suggests that the evidence before the Court is open to another interpretation that favors her claim, the Court declines Plaintiff's invitation to reweigh the evidence. When, as here, the Commissioner's decision denying benefits is

supported by substantial evidence, the Court must affirm that decision. *Longworth v. Commissioner*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is also supported by substantial evidence, as demonstrated above. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed).

As noted above, the ALJ made her reasonable RFC finding after careful consideration of the entire record; this would include that evidence of record associated with Plaintiff's claims of disabling symptoms [TR 15-16; Finding No. 5]. Because the ALJ's RFC finding as to extent of Plaintiff's work-related limitations was supported by substantial evidence, the Court should affirm the ALJ's decision. *Kyle v. Comm'r of Soc. Sec*., 609 F.3d 847, 854-55 (6th Cir. 2010) ("Even if this Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence.").

Finally, the VE responded to a hypothetical question that included all of the limitations found in the ALJ's ultimate justifiable RFC finding, in testifying that such an individual

could perform Plaintiff's past work as a fast food worker, warehouse worker, and fitting/dressing room attendant, as relevant to the ALJ's step four finding [TR 54]. 20 C.F.R. § 404.1560(b)(2) (stating that a vocational expert may offer relevant evidence concerning the demands of the claimant's past relevant work (as generally and actually performed), and may testify in response to a hypothetical question about whether a person with the claimant's limitations can meet the demands of the claimant's past relevant work); 68 Fed. Reg. 51153, 51160 (Aug. 26, 2003) (comments to final rule) ("VE testimony is not a requirement at step 4, but . . . VE testimony may be obtained at step 4 to provide evidence to help us determine whether or not an individual can do his or her past relevant work."). The VE's response to the ALJ's hypothetical question that included Plaintiff's credible limitations constitutes substantial evidence in support of the ALJ's finding that as of her date last insured, the then 23 year-old Plaintiff retained the capacity to perform her past relevant work as a fast food worker, warehouse worker, and fitting/dressing room attendant. *See Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted credible by the finder of fact.).

## V.

The Court having found no legal error on the part of the ALJ and that her decision is supported by substantial evidence, the Acting Commissioner's final decision is **AFFIRMED**.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment be **GRANTED** and that Plaintiff's motion for summary judgment be **DENIED**.

A separate judgment in conformity herewith shall this date be entered.

This the 7th day of December, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

**IT IS ORDERED** as follows:

(1) Plaintiff Christopher Gates's Motion for Summary Judgment [DE 13] be, and is, hereby **DENIED**;

(2)   The Commissioner of Social Security's Motion for Summary Judgment [DE 14] be, and is, hereby **GRANTED**; and

(3)   A Judgment shall be entered contemporaneously herewith.

This the 4th day of August, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge